IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JERRY ALLEN FAIN, | § | |
| TDCJ #2114388, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:19-1902 |
| | § | |
| LORIE DAVIS, Director, Texas | § | |
| Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

State inmate Jerry Allen Fain (TDCJ #2114388), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 [Doc. # 1] that includes a supporting memorandum [Doc. # 1-1], seeking relief from a murder conviction that was entered against him in 2017. The respondent has answered with a motion for summary judgment, arguing that this action must be dismissed [Doc. # 15]. Fain has filed a response to the motion for summary judgment [Doc. # 20]. In addition, Fain has filed motions for discovery and an evidentiary hearing [Docs. # 16, # 17, #18]. He also requests a mental examination [Doc. # 19]. After considering all of the pleadings, the state court records, and the applicable law, the Court will grant the respondent's motion for summary judgment, deny the motions filed by Fain, and dismiss this action for the reasons explained below.

# I.    BACKGROUND

On May 2, 2014, a local grand jury returned an indictment against Fain in Harris County Cause No. 1416968, charging him with capital murder for intentionally causing the death of his girlfriend, April Cobb-Gundacker, by strangling her while attempting to commit another felony offense [Doc. # 14-21, at 25].[1]  That indictment was enhanced for purposes of punishment with allegations that Fain had two prior felony convictions for burglary of a habitation and sexual assault of a child [*Id*.].

On June 17, 2015, Fain agreed to enter a guilty plea to the reduced charge of murder in exchange for a life sentence [Doc. # 14-21, at 14-15].  The trial court delayed sentencing because the State conditioned the plea on Fain's truthful testimony in another unrelated murder case (*State of Texas v. Gordon Houser*, Harris County Cause No. 1414541) [*Id*.].  Although Fain concedes that he subsequently declined to testify in that case, the State did not raise that issue and the 262nd District Court for Harris County sentenced Fain under the terms of the written plea

---

[1] In addition to allegations lodged in the indictment [Doc. # 14-21, at 25], Fain has provided an official transcript of his interrogation by homicide detectives in which he describes his relationship with the victim [Doc. # 1-4, at 5-139].  For purposes of identification, all page numbers reference the pagination for each docket entry imprinted by the Court's electronic filing system, CM/ECF.

agreement to life imprisonment on January 27, 2017 [Doc. # 14-21, at 29]. Fain did not appeal [Doc. # 14-14, at 124].

In an application dated August 22, 2017, Fain sought a state writ of habeas corpus to challenge his conviction under Article 11.07 of the Texas Code of Criminal Procedure [Doc. # 14-20, at 5-17].[2] In that application, Fain raised five separate claims of ineffective assistance of counsel, including a claim that counsel failed to request a competency evaluation or to present a *pro se* motion in which Fain reportedly asked to represent himself to the trial court for consideration [*Id*. at 10-14]. In a separate attachment, Fain listed three additional grounds for relief, asserting that (1) the prosecution engaged in misconduct by failing to disclose that evidence was mishandled; (2) the trial court erred by not holding a *Faretta* hearing on his *pro se* motion to represent himself; and (3) the trial court was without jurisdiction to hear the case after he filed a *pro se* motion to recuse the presiding judge [*Id*. at 16].

The State noted that Fain's application failed to comply with Rule 73.1 of the Texas Rules of Appellate Procedure, which governs the form, content, and page

---

[2] A state habeas corpus application filed by a Texas inmate is considered to have been "filed" at the time the application is delivered to prison authorities for mailing to the court, "not at the time they are stamped by the clerk of the court." *Richards v. Thaler*, 710 F.3d 573, 578 (5th Cir. 2013). The prison mail-box rule also applies to federal habeas petitions. *See Spotville v. Cain*, 149 F.3d 373, 378 (5th Cir. 1998); *see also* Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts. As a result, the Court uses the date that the petitioner's pleadings were executed as the presumptive filing date.

length for state habeas proceedings under Article 11.07 [Doc. # 14-20, at 36-37]. The trial court agreed and recommended that the application be dismissed for failure to comply with Rule 73.1 [Doc. # 14-20, at 41]. The Texas Court of Criminal Appeals considered the recommendation, but remanded the application for further proceedings on the ineffective-assistance claims that were properly pled in the application [Doc. # 14-8, at 1; Doc. #14-14, at 5-7].

On remand, Fain's defense counsel (Danny Easterling) submitted a detailed affidavit refuting the allegations of ineffective assistance and the contention that evidence was mishandled [Doc. # 14-14, at 32-34]. Counsel averred further that Fain never exhibited any signs that he was incompetent and indicated that he "fully understood" all of the proceedings against him, noting that Fain gave a coherent proffer of evidence while under questioning for 10 to 15 minutes by the prosecutor during his guilty plea proceeding [*Id*. at 33]. The transcript of the plea hearing supports defense counsel's assessment [Doc. # 14-14, at 125-48]. The trial court, which also presided over Fain's guilty plea proceeding and sentencing, found that counsel's affidavit was "credible" and entered findings of fact and conclusions of law,[3] recommending that habeas relief be denied [Doc. # 14-14, at 151-58].

---

[3] Credibility findings, such as those made by the state habeas corpus court with respect to defense counsel's affidavit, are entitled to substantial deference on federal habeas review. *See Coleman v. Quarterman*, 456 F.3d 537, 541 (5th Cir. 2006) (citing *Guidry v. Dretke*, 397 F.3d 306, 326 (5th Cir. 2005)). In that respect, the state court's factual findings and

After the trial court issued these findings, Fain submitted a supplemental petition, citing "newly discovered evidence" in the form of a letter that defense counsel reportedly received in early September 2015, advising counsel of a "DNA mixture issue" after Fain had already entered his guilty plea on June 17, 2015, and claiming that defense counsel was ineffective for failing to investigate or raise a "third party defense" [Doc. # 14-19, at 7, 9]. The respondent provides a copy of that letter, which is dated August 21, 2015, from Dr. Vincent J.M. DiMaio of the Texas Forensic Science Commission to all "Members of the Texas Criminal Justice Community" [Doc. # 15-1, at 2-4]. The letter addresses "an issue of potential concern" regarding the "interpretation of DNA results where multiple contributors may be present, commonly referred to as DNA mixture interpretation" [*Id.* at 2]. After conducting an independent review of all of the evidence in the record and considering the supplemental claims raised by Fain, the Texas Court of Criminal Appeals summarily denied relief on August 22, 2018 [Doc. # 14-9, at 1; Doc. # 14-3, at 1-2]. Because of a change in address of record that was not submitted to the Texas Court of Criminal Appeals by Fain until October 1, 2018 [Doc. # 14-1, at 1], Fain did not receive notice of that decision until November 5, 2018 [Doc. # 14-13, at 1].

---

credibility determinations are presumed correct for purposes of federal habeas corpus review unless they are rebutted with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Valdez v. Cockrell*, 274 F.3d 941, 947 (5th Cir. 2001).

In a petition and memorandum dated May 13, 2019, Fain now seeks federal habeas corpus relief under 28 U.S.C. § 2254 [Doc. # 1, at 1-10; Doc. # 1-1, at 1-30]. Fain's federal petition lists the following grounds for relief:

1. Defense counsel was ineffective for failing to bring Fain's *pro se* motions to dismiss counsel to the trial court's attention or request a *Faretta* hearing.

2. The prosecution committed misconduct by denying that evidence was mishandled or failing to disclose that one of the two buccal DNA swabs taken from Fain was handed to a homicide detective after it was collected.

3. Defense counsel was ineffective for failing to file a motion to suppress the DNA evidence.

4. Defense counsel was ineffective by allowing him to plead guilty in exchange for a life sentence to avoid the death penalty when the state had already decided not to seek it.

5. Defense counsel was ineffective for failing to inform him of a letter that he received from the prosecutor regarding a DNA mixture issue.

6. Defense counsel was ineffective for failing to conduct an independent investigation of the DNA evidence that would have disclosed the DNA mixture issue.

7. Defense counsel was ineffective for failing to request a mental health evaluation.[4]

---

[4] The petitioner proceeds *pro se* in this case. Courts are required to liberally construe pleadings filed by *pro se* litigants under a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 521 (1972).

It appears that all of Fain's claims were considered and rejected by the Texas Court of Criminal Appeals on state habeas corpus review [Doc. # 14-3, at 1-2; Doc. # 14-14, at 151-58]. The respondent moves for summary judgment, arguing that Fain's federal petition is untimely and barred by the governing one-year statute of limitations [Doc. # 15, at 9-16]. To the extent that Claim 5 could be considered timely because it is based on what Fain contends is newly discovered evidence, the respondent argues in the alternative that this claim is without merit and that Fain is not entitled to relief under the standard of review that governs federal habeas proceedings [*Id.* at 16-18].

## II.    THE ONE-YEAR STATUTE OF LIMITATIONS

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), which provides that all federal habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d). Because the petitioner challenges a state court judgment of conviction, the statute of limitations for federal habeas corpus review began to run pursuant to 28 U.S.C. § 2244(d)(1)(A) at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

After Fain pled guilty in this case, the trial court entered its judgment of conviction and imposed sentence on January 27, 2017 [Doc. # 14-21, at 67-68]. In

Texas, a criminal defendant has thirty days after judgment is entered to appeal. *See* TEX. R. APP. P. 26.2. Because Fain did not appeal, his conviction became final for purposes of federal habeas review thirty days after the judgment was entered on Monday, February 27, 2017. *See Gonzalez v. Thaler*, 565 U.S. 134, 149-50 (2012). That date triggered the statute of limitations for federal habeas corpus review, which expired one year later on February 27, 2018. *See* 28 U.S.C. § 2244(d)(1)(A). As a result, the pending habeas corpus petition that was executed by Fain on May 13, 2019, is late by more than a year and is barred from federal review unless a statutory or equitable exception applies to toll the limitations period.

### A. Statutory Tolling

A habeas petitioner may be entitled to statutory tolling under 28 U.S.C. § 2244(d)(2), which excludes from the AEDPA limitations period a "properly filed application for [s]tate post-conviction or other collateral review." As noted above, Fain executed his state habeas corpus application on August 22, 2017, and the Texas Court of Criminal Appeals denied relief on August 22, 2018. While his state habeas application was pending, Fain filed a mandamus application regarding his claims for relief on April 18, 2018, which the Texas Court of Criminal Appeals denied on May 16, 2018 [Doc. # 14-23; Doc. # 14-28]. The respondent acknowledges that Fain's state habeas proceeding, which includes the time that his mandamus petition was pending, tolls the statute of limitations for the time it was pending (366 days),

extending Fain's deadline to seek federal review until February 28, 2019.[5]  Even with tolling for this period of time, however, the federal petition executed by Fain on May 13, 2019, remains late by two and a half months.

The pleadings disclose no other basis for statutory tolling.  Fain does not allege that state action prevented him from filing a federal petition in a timely manner.  *See* 28 U.S.C. § 2244(d)(1)(B).  There is no showing that any of his claims depend upon a newly recognized constitutional right that has been made retroactive by the Supreme Court.  *See* 28 U.S.C. § 2244(d)(1)(C).  In addition, with the possible exception of Claim Five, which is without merit for reasons discussed separately below, Fain does not demonstrate that there was a factual predicate for any of his claims that could not have been discovered previously if the petitioner had acted with due diligence.  *See* 28 U.S.C. § 2244(d)(1)(D).  Accordingly, statutory tolling does not save Fain's late-filed federal petition.

## B.    Equitable Tolling

The Fifth Circuit has held that the statute of limitation found in the AEDPA may be equitably tolled at the district court's discretion "in rare and exceptional

---

[5] The record reflects that Fain filed a second petition for a writ of mandamus seeking records on January 27, 2019, which was denied thirty-eight days later on March 6, 2019. Because this petition did not raise claims for review or challenge the validity of the conviction, it does not qualify as an application for "post-conviction or other collateral review" for purposes of tolling under § 2244(d)(2). *See Moore v. Cain*, 298 F.3d 361, 366-67 (5th Cir. 2002).  Lack of access to records does not otherwise warrant tolling of the limitations period for reasons addressed further below.

circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Equitable tolling is an extraordinary remedy which is sparingly applied. *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). The Supreme Court has clarified that a habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Fain does not demonstrate that he sought federal review of his claims with the requisite diligence. In that regard, the Texas Court of Criminal Appeals denied Fain's state habeas corpus application on August 22, 2018, but he did not execute his federal petition until May 13, 2019. Although Fain did not receive notice that his state habeas application was denied until November 5, 2018, due to a change of his address, the record reflects that he waited an additional six months to execute and file his federal petition. Fain offers no specific details or explanation for this period of delay. The Fifth Circuit has repeatedly held that "[e]quity is not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d 177, 184 (5th Cir. 2012) (internal quotation marks omitted) (citing *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010); and *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006)); *see also Ott v. Johnson*, 192 F.3d 510, 514 (5th Cir. 1999).

Fain also fails to establish that he was prevented from promptly seeking federal review or that his failure to comply with the statute of limitations should be excused by an extraordinary circumstance. Fain appears to allege that equitable tolling is warranted because he is actually innocent and was denied an adequate defense [Doc. # 20, at 11, 16]. Actual innocence, if proven, may excuse a failure to comply with the one-year statute of limitations on federal habeas corpus review. *See McQuiggin v. Perkins*, 569 U.S. 383, 401 (2013). An unsupported allegation of actual innocence, however, will not suffice. *See id*. To make a tenable actual-innocence claim in this context, a habeas petitioner must present "new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A petitioner must then show that "it is more likely than not that," in light of the new evidence, "no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id*. at 326-27.

Fain does not allege specific facts, much less present new reliable evidence, showing that he is actually innocent of the charged offense or calls into question his guilty plea. In his affidavit to the state habeas corpus court, defense counsel disclosed that the State had "overwhelming" evidence showing that Fain committed the offense, which was described as "brutal" in nature [Doc. # 14-14, at 32]. Fain entered a guilty plea in this case, admitting in open court and in written

documentation supporting the plea agreement that he committed the charged offense [Doc. # 14-14, at 125, 142-47; Doc. # 14-21, at 14-21]. Fain's sworn statements in open court are entitled to a strong presumption of verity or truthfulness. *United States v. Lampaziazie*, 251 F.3d 519, 524 (5th Cir. 2001) (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). Indeed, courts should afford "great weight to the defendant's statements at the plea colloquy." *United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002); *see also United States v. Stumpf*, 827 F.2d 1027, 1030 (5th Cir. 1987) ("[S]tatements made to the court when a guilty plea is entered 'carry a strong presumption of verity,' and '[t]he subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal.'") (quoting *Blackledge*, 431 U.S. at 74). Because Fain does not offer proof that he is actually innocent, he does not show that the exception outlined in *McQuiggin* applies. Therefore, he does not establish that equitable tolling is available for this reason.

Fain contends further that he suffers from mental illness, including post-traumatic stress disorder, obsessive-compulsive disorder, and paranoid disorder, noting that he takes anti-psychotic medication for his condition [Doc. # 20, at 4, 12]. The Fifth Circuit has "recognized the possibility that mental incompetency might support equitable tolling of a limitation period." *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999). To warrant equitable tolling on this basis, however, a petitioner must show that he was incapacitated during the federal limitations period such that

he was unable to meaningfully access the courts. *Id*. at 715. Fain provides no such details about the extent of his mental illness or his ability to litigate during the relevant period of time. Although Fain has provided some medical records about his medications and treatment, which indicate that providers diagnosed him with an "Unspecified Disruptive, Impulse-Control, and Conduct Disorder" that was first observed on March 14, 2017 [Doc. # 1-6, at 1-4; Doc. # 19, at 8-12], he offers no records or other evidence showing that he was incapacitated at any particular time during the limitations period. Likewise, both the state court record and the federal habeas record before this Court are replete with pleadings, motions, and letters executed by Fain, indicating that he was capable of pursuing his claims for relief during the relevant time period. Accordingly, he does not establish that equitable tolling is available for reasons of mental incapacity. *See Roberts v. Cockrell*, 319 F.3d 690, 695 (5th Cir. 2003); *see also Lawrence v. Florida*, 549 U.S. 327, 337 (2007) (finding that the petitioner made "no factual showing of mental incapacity" and, therefore, fell far short of establishing the "'extraordinary circumstances' necessary to support equitable tolling").

Fain also notes that he lacks legal training and that he is representing himself with the assistance of other inmates [Doc. # 20, at 4]. Although Fain represents himself, neither a prisoner's status as an indigent inmate without legal training nor his ignorance of the law excuse the failure to file a timely federal habeas petition and

are not grounds for equitable tolling. *See Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999); *see also Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2003) (noting that a petitioner's ignorance or mistake is insufficient to warrant equitable tolling); *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (finding that "lack of knowledge of the filing deadlines," "lack of representation," "unfamiliarity with the legal process," illiteracy, and "ignorance of legal rights" generally do not justify tolling).

To the extent that Fain indicates that he has been hampered by lack of access to records from his attorney's file and from the Harris County Jail regarding his mental health [Doc. # 20, at 8], the Fifth Circuit has held that a habeas corpus petitioner is not entitled to an extended delay while he gathers every possible scrap of evidence that might support his claim. *See Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998). Thus, lack of access to legal documents and records by an inmate does not present an "exceptional circumstance" that would warrant equitable tolling. *See Roughley v. Cockrell*, 45 F. App'x 326, 2002 WL 1899622, at *1 (5th Cir. July 12, 2002) (per curiam) (rejecting a claim for equitable tolling based on an inmate's unfulfilled request for state court records); *Kiser v. Dretke*, No. 4:04-CV-494, 2004 WL 2331592, at *2 (N.D. Tex. 2004) ("Difficulty obtaining records and lack of money to pay for copies are common problems among inmates who are trying

to pursue post-conviction habeas relief and, thus, do not present exceptional circumstances that warrant equitable tolling.").

Because Fain has not demonstrated the requisite due diligence or shown that extraordinary circumstances excuse his failure to comply with the statute of limitations, he is not entitled to equitable tolling. Therefore, the Court will grant the respondent's motion for summary judgment on this issue and dismiss the petition as untimely filed.

## III.  ALTERNATIVELY, CLAIM FIVE IS WITHOUT MERIT

In Claim Five, Fain alleges that his defense counsel was ineffective for failing to inform him of a letter that he received regarding a DNA mixture issue [Doc. # 1-1, at 1]. Fain contends that defense counsel was deficient because, based on this letter, counsel should have investigated whether there was a mixture of DNA present on any of the samples collected in Fain's case and raised a defensive theory implicating a third-party in the offense [*Id*. at 21-23]. As noted above, the letter that forms the basis for this claim was issued to the Members of the Texas Criminal Justice Community by Dr. DiMaio of the Texas Forensic Science Commission on August 21, 2015, which is several months after Fain entered his guilty plea on June 17, 2015 [Doc. # 15-1, at 2-4]. Observing that Fain provides only vague allegations about when he discovered the letter for purposes of establishing that Claim Five could be timely under 28 U.S.C. § 2244(d)(1)(D), the respondent argues in the

alternative that Claim Five is without merit under the applicable standard of review [Doc. # 15, at 16-18].

### A.    Federal Habeas Corpus Standard of Review

To the extent that Claim Five was among those rejected by the Texas Court of Criminal Appeals on state habeas review, a federal court may not grant relief unless the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]"  28 U.S.C. § 2254(d)(1). Where a claim presents a question of fact, a petitioner cannot obtain federal habeas relief unless he shows that the state court's denial of relief "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

"A state court's decision is deemed contrary to clearly established federal law if it reaches a legal conclusion in direct conflict with a prior decision of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Matamoros v. Stephens*, 783 F.3d 212, 215 (5th Cir. 2015) (citations omitted).   To constitute an "unreasonable application of" clearly established federal law, a state court's holding "must be objectively unreasonable, not merely wrong; even clear error will not suffice." *Woods v. Donald*, 575 U.S. 312, 316 (2015) (citation omitted).   "To satisfy this high bar, a habeas petitioner is

required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 575 U.S. at 316 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). This standard "imposes a 'highly deferential standard for evaluating state-court rulings, . . . [which] 'demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (citations omitted). This deferential standard of review applies even where the state court fails to cite applicable Supreme Court precedent or fails to explain its decision. *See Early v. Packer*, 537 U.S. 3, 7 (2002); *see also Richter*, 562 U.S. at 100 (confirming that "§ 2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits'").

### B. Ineffective Assistance of Counsel

A criminal defendant's ineffective-assistance claim is analyzed under the clearly established standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail under the *Strickland* standard, a defendant must demonstrate both constitutionally deficient performance by counsel and actual prejudice as a result of the alleged deficiency. *See id.* at 687. "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that rendered the result unreliable." *Id.*

To demonstrate deficient performance, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. This is a "highly deferential" inquiry in which "counsel is strongly presumed to have rendered adequate assistance" and that the challenged conduct was the product of reasoned trial strategy. *Id*. at 690. To overcome this presumption, a defendant must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Id*. However, mere error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Id*. at 691. A reviewing court need not consider the deficiency prong if it concludes that the defendant has demonstrated no prejudice. *Id*. at 697.

A defendant must affirmatively prove prejudice. *Id*. at 693. To establish the requisite prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. In the guilty plea context, this requires the defendant to show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see also Premo v. Moore*, 562 U.S. 115, 129 (2011). Likewise, a habeas corpus petitioner who alleges a failure to investigate on the part of his counsel must state with specificity what the investigation would have revealed

and how it would have changed the outcome. *See Miller v. Dretke*, 420 F.3d 356, 361 (5th Cir. 2005) (citing *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989)).

Fain's allegations establish neither deficient performance nor actual prejudice. In that regard, review of the letter shows that it is a general announcement to the criminal justice community about changes in interpretation protocols and laboratory procedures where samples with a mixture of DNA are concerned [Doc. # 15-1, at 3-4]. The letter does not reference any specific case, but advises "any prosecutor, defendant, or defense counsel with a pending case involving a DNA mixture in which the results could impact the conviction" to consider requesting additional testing by a laboratory using "current and proper mixture interpretation protocols" [*Id.* at 2].

Fain does not allege or show that there was sample taken in his case that contained a mixture of DNA or that, if there was, the sample contained evidence of a third party. Fain's unsupported allegations do not show that counsel was deficient for failing to investigate the letter, which issued after Fain had already entered his guilty plea. *See Day v. Quarterman*, 566 F.3d 527, 540-41 (5th Cir. 2009); *see also Lincecum v. Collins*, 958 F.2d 1271, 1279 (5th Cir. 1992) (denying habeas relief where petitioner "offered nothing more than the conclusory allegations in his pleadings" to support claim that counsel was ineffective for failing to investigate and

present evidence). Fain does not otherwise make a plausible showing that, had he known about the letter, he would have attempted to withdraw his guilty plea and would have insisted on going to trial. *See Lockhart*, 474 U.S. at 59.

Under these circumstances, Fain does not establish that he was denied effective assistance of counsel in connection with his criminal proceeding and he does not otherwise show that the state court's decision to deny relief on this claim was objectively unreasonable. Accordingly, Fain is not entitled to relief on Claim Five and the respondent's motion for summary judgment on this issue will be granted.

## IV.    **PETITIONER'S MOTIONS**

Fain has filed a motion for discovery to compel his defense counsel to release copies of his file [Doc. # 16, at 1-4]. In a separate motion for discovery, Fain asks the State to produce a videotape that was taken to document his interrogation by police and the collection of DNA evidence from him in his case [Doc. # 18, at 1-3]. Fain also asks for discovery in the form of a court-ordered mental examination in an effort to show that he lacked the requisite competency to enter a guilty plea [Doc. # 19, at 1-6] and an evidentiary hearing on his claims [Doc. # 17, at 1-5].

### A.    **Motions for Discovery**

Courts may authorize a continuance for the purposes of conducting discovery under Rule 56 of the Federal Rules of Civil Procedure, which applies to motions for

summary judgment. Those rules only apply, however, to the extent that they do not conflict with the statutory provisions or rules applicable to habeas corpus proceedings, in which the availability of discovery is extremely limited. *See* Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts. Because petitioners are required to exhaust state court remedies before seeking relief in federal court, review under the federal habeas corpus statutes "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011). Likewise, "Rule 6 of the Rules Governing § 2254 cases permits discovery only if and only to the extent that the district court finds good cause." *Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000). "Good cause" may be found when a petition for a writ of habeas corpus "establishes a *prima facie* claim for relief." *Id*.

Fain, who had sufficient opportunity to litigate his claims in state court, does not demonstrate that the discovery he purports to seek will raise a genuine issue of material fact regarding the timeliness of his federal petition or the validity of his claims. Likewise, he has not shown that there is good cause to allow discovery on any issue in this case, including his request for a mental examination. *See Goodman v. Harris County*, 571 F.3d 388, 399 (5th Cir. 2009) (explaining that a court order for physical or mental examination "may be made only on motion for good cause") (citing *Schlagenhauf v. Holder*, 379 U.S. 104, 121-22 (1964)). Because Fain does

not demonstrate the requisite good cause, his motions for discovery and for a mental examination will be denied.

### B. Request for Evidentiary Hearing

To the extent that Fain failed to develop any facts related to his claims in state court, the decision whether to hold an evidentiary hearing is governed by 28 U.S.C. § 2254(e)(2). This statute provides that a federal habeas corpus court "shall not hold an evidentiary hearing" on the claim unless the petitioner shows that his claim relies on "(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence[.]" 28 U.S.C. § 2254(e)(2)(A). He must also show that "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense." *Id*. at § 2254(e)(2)(B). Fain does not make this showing here. Because the Court has been able to resolve the pending motion for summary judgment on the existing record, Fain's motion for an evidentiary hearing will be denied.

## V. CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is

adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its ruling debatable or wrong. Therefore, a certificate of appealability will not issue in this case.

## VI. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The respondent's motion for summary judgment [Doc. # 15] is **GRANTED**.

2. The petition for a writ of habeas corpus filed by Jerry Allen Fain under 28 U.S.C. § 2254 is **DENIED** and this case is **DISMISSED with prejudice**.

3. Fain's motions for discovery [Docs. # 16, #18], an evidentiary hearing [Doc. # 17], and a mental examination [Doc. # 19] are **DENIED**.

4. A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas on March 3, 2020.

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE